JS 44 (Rev. 10/20)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Timothy Johnson

**DEFENDANTS**
North Italia, FRC Balance, LLC, The Food Kitchen, Geoff Allen c/o North Italia

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Saffren & Weinberg, 815 Greenwood Ave., Ste. 22
Jenkintown, PA 19046

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☐ 2 | U.S. Government Defendant | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court |
| ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000(e) (Title VII)
Brief description of cause:
Gender discrimination and sexual harrasment in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
10/27/21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1110 WEST AIRY ST., NORRISTOWN, PA 19401

Address of Defendant: 350 MALL BLVD., STE. 1000C, KING OF PRUSSIA, PA 19406

Place of Accident, Incident or Transaction: 350 MALL BLVD., STE 1000C, KING OF PRUSSIA, PA 19406

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/27/21   _____ *Must sign here*   606 43
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, MARC A. WEINBERG, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10/27/21   _____ *Sign here if applicable*   606 43
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY JOHNSON<br>1116 West Airy Street<br>Norristown, PA 19401<br>        Plaintiff,<br>    v.<br><br>NORTH ITALIA<br>350 Mall Boulevard, Suite 1000C<br>King of Prussia, PA 19406<br>    and<br>FRC Balance, LLC<br>4455 E. Camelback Road, Ste. A<br>Phoenix, AZ 85018<br>    and<br>THE FOOD KITCHEN<br>4455 E. Camelback Road, Ste. A<br>Phoenix, AZ 85018<br>    and<br>GEOFF ALLEN c/o NORTH ITALIA<br>350 Mall Boulevard, Suite 1000C<br>King of Prussia, PA 19406<br>        Defendants, | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED**<br><br><br>**COMPLAINT** |

## I.  PRELIMINARY STATEMENT

1.      Plaintiff, Timothy Johnson (hereinafter "Plaintiff") brings this action under the

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII");

the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq.* ("PHRA"); Pennsylvania Common

Law and for gender discrimination, sexual harassment and retaliation in exercising his rights

under the aforementioned statutes.  Plaintiff seeks equitable relief, compensatory damages, costs

and attorney fees from Defendants for Defendants' discriminatory practices and other tortuous

actions.

## III.    THE PARTIES

2.       Plaintiff is an adult individual and a citizen of the Commonwealth of Pennsylvania currently residing at the above-captioned address.

3.       Upon information and belief, Defendant, North Italia, is a corporation or other duly organized business, that maintains a principal place of business at the above-captioned address and is licensed and authorized to do business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia, Pennsylvania.

4.       Upon information and belief, Defendant, FRC Balance, LLC is a corporation or other duly organized business, that maintains a principal place of business at the above-captioned address and is licensed and authorized to do business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia, Pennsylvania.

5.       Upon information and belief, Defendant, The Food Kitchen is a corporation or other duly organized business, that maintains a principal place of business at the above-captioned address and is licensed and authorized to do business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia, Pennsylvania.

6.       Upon information and belief, Defendant, Geoff Allen is a an individual, who at all times material hereto was employed by the Defendant, North Italia, as an executive chef.

7.       At all times material hereto, Defendants acted individually, and/or through their agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Defendants' business and acting within the scope of their agency, servitude and/or employment on behalf of Defendants.

8.      At all times material hereto, the conduct of Defendants as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania and the City and County of Montgomery, Pennsylvania.

## II.   JURISDICTION AND VENUE

9.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

10.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

11.     At all times material hereto, Defendants were "engaged in an industry affecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

12.     At all times material hereto, Defendants employed more than fifty (50) employees.

13.     At all times material hereto, Defendants were an "employer" as defined by Title VII.

14.     At all times material hereto, Defendants were an "employer" as defined by the ADA.

15.     At all times material hereto, Defendants were an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq.*

16.     At all times material hereto, Defendants aided and abetted the pervasive interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of her employment.

17.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and a subsequent Amended Charge of Discrimination,

claiming discrimination based on Gender discrimination and Sexual Harassment under Title VII,

retaliation and violation of Pennsylvania Statutory Law under the PHRA .

18.     The EEOC charge enumerated *supra* was filed concurrently with the

Pennsylvania Human Relations Commission ("PHRA").

19.     Plaintiff has complied with all jurisdictional prerequisites and a Notice of Rights

was issued by the Equal Employment Opportunity Commission with respect to Plaintiff's Charge

of Discrimination and Amended Charge of Discrimination on August 4, 2021. (Attached hereto

as Exhibit "A").

20.     Venue in the Eastern District of Pennsylvania is proper as at all times material

hereto the events complained of and violations of the enumerated statues and laws were

committed within the City and County of Montgomery, Pennsylvania which is within the Eastern

District of Pennsylvania.

## III.     <u>FACTUAL ASSERTION</u>

21.     Timothy Johnson (hereinafter "Johnson" or "Plaintiff") was hired by the

Defendants, North Italia, FRC Balance, LLC and The Food Kitchen (hereinafter, collectively

"North Italia Defendants"), as a cook at the North Italia location at the King of Prussia Mall, 350

Mall Boulevard, Suite 1000C, King of Prussia, PA 19046.

22.     In or about October, 2018. Plaintiff's immediate supervisor was executive chef,

Geoff Allen (hereinafter "Allen").

23.     Plaintiff reported directly to Allen in the kitchen.

24.     In or about June, 2019, Allen caressed Plaintiff's face, without Plaintiff's consent.

25.     Plaintiff asked Allen not to touch him, and reported the touching incident to

Kelly, the Front of House Manager of the restaurant.

26.    No action was taken by the Defendants regarding the touching incident.

27.    In or about July, 2019, Allen hugged Plaintiff, once again, touching Plaintiff without his consent.

28.    Plaintiff attempted to push Allen off of him while Allen was hugging the Plaintiff.

29.    On or about August 22, 2019, Allen grabbed the Plaintiff's crotch, and squeezed the Plaintiff's penis.

30.    Plaintiff then walked off the line.

31.    Upon information and belief, Allen has a history of misconduct, which Defendants were aware of, however, took no action.

32.    Plaintiff was sexually harassed by Allen, and subjected to a hostile work environment as the Defendants permitted the sexual harassment of Plaintiff to be ongoing, and pervasive.

33.    In or about July, 2020, after reporting the sexual harassment, and filing a charge with the EEOC, Plaintiff was terminated.

34.    Plaintiff's termination was in direct retaliation for reporting the sexual harassment and filing his charge of discrimination with the EEOC.

35.    At all times material hereto, the Defendants acted and were responsible for the actions of their agents, assigns, servants and employees.

36.    At all times material hereto, the Defendants acted by and through the actions of their agents, assigns, servants and employees.

37.    At all times material hereto, the Defendants were responsible for the actions of their agents, assigns, servants and employees via *respondeat superior*.

## COUNT I
## TIMOTHY JOHNSON V. NORTH ITALIA, FRC BALANCE, LLC, THE FOOD KITCHEN, and GEOFF ALLEN C/O NORTH ITALIA
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## 42 U.S.C. 2000e *et seq.* and Retaliation

38.     All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

39.     The conduct of Defendants' treatment of Plaintiff in his employment and termination violated Title VII of the Civil Rights Act of 1964 as the harassment, hostile work environment, retaliation and discrimination that Plaintiff was subjected to was unwelcome, unwarranted, and a clear violation of Title VII.

40.     Plaintiff was subject to different and negative treatment including retaliation and termination because he refused said sexual harassment.

41.     Plaintiff was subject to discipline, and was sexually harassed based upon his gender.

42.     Other, similarly situated male employees of Defendants were not subject to similar gender-based harassment and discrimination.

43.     At all times material hereto, the aforementioned discrimination and harassment was unwelcome.

44.     At all times material hereto, the aforementioned discrimination and harassment was severe and pervasive.

45.     The discrimination, harassment, and hostile work environment, to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

46.     Plaintiff was subject to different and negative treatment including retaliation and he reported said sexual harassment, and as such was subject to retaliation.

47.     Defendants by and through its employees, servants and agents were aware of the sexual harassment that the Plaintiff was subjected to at the workplace.

48.     Defendants by and through its employees, servants and agents were aware of the gender discrimination that Plaintiff was subjected to at the workplace by her coworkers and supervisors.

WHEREFORE, Plaintiff, Timothy Johnson, seeks a determination that the Defendants, North Italia, FRC Balance, LLC, The Food Kitchen and Geoff Allen c/o North Italia, violated Title VII of the Civil Rights Act of 1964 and request all damages and relief permitted under the Act including but not limited to:

(a)     back pay and front pay;
(b)     compensatory and punitive damages;
(c)     equitable relief such as reinstatement of a rightful place;
(d)     retroactive relief such as seniority and entitlement;
(e)     injunctive relief included but not limited to barring future discriminatory conduct;
(f)     attorney's fees, expert fees, costs and expenses;
(g)     and such further relief as this court deems just and fair.

## COUNT II
## TIMOTHY JOHNSON V. NORTH ITALIA, FRC BALANCE, LLC, THE FOOD KITCHEN, and GEOFF ALLEN C/O NORTH ITALIA
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.

49.     Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

50.     Defendants discriminated against Plaintiff because he refused the sexual advances of his supervisor and reported said sexual harassment which is in violation of the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*.

51.     Defendants discriminated against Plaintiff in the terms, conditions and privileges of her employment as Defendants allowed, fostered and subjected Plaintiff to harassment, hostile work environment and retaliation as set forth above.

52.     At all times material hereto, the aforementioned discrimination and harassment was unwelcome.

53.     At all times material hereto, the aforementioned discrimination and harassment was severe and pervasive.

54.     At all times material hereto, the aforementioned discrimination and harassment unreasonably altered the condition of Plaintiff's employment and created a hostile work environment.

55.     Defendants knew or should have known about the aforementioned discrimination, harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

56.     Defendants failed to take prompt, remedial action to eliminate the aforementioned discrimination, harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

57.     The discrimination, harassment, hostile work environment and retaliation to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

58.     Defendants' reasons for disciplining Plaintiff were pretextual to obscure Defendants' discriminatory animus and purpose.

59.     During the course and scope of Plaintiff's employment, he was subjected to ongoing antagonism.

60.     The conduct of Defendants' treatment of Plaintiff in his employment and retaliation violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon gender discrimination, sexual harassment and retaliation.

61.     At the time of termination the Defendants by and through its employees, servants and agents was aware of the discrimination and sexual harassment that the Plaintiff was subjected to at the workplace by his supervisor.

WHEREFORE, Plaintiff, Timothy Johnson seeks a determination that the Defendants, North Italia, FRC Balance, LLC, The Food Kitchen and Geoff Allen c/o North Italia violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, and requests all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; punitive damages, and such further relief as this Court deems just and fair.

Respectfully submitted,
**SAFFREN & WEINBERG**

BY:     _____
**MARC A. WEINBERG, ESQUIRE**
**P.A. I.D. 60643**
**815 Greenwood Avenue, Suite 22**
**Jenkintown, PA 19046**
**(215) 576-0100**
**mweinberg@saffwein.com**

Dated: 10/27/21

# EXHIBIT "A"

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Timothy Johnson**
    **1116 West Airy Street**
    **Norristown, PA 19401**

From:  **Philadelphia District Office**
    **801 Market Street**
    **Suite 1000**
    **Philadelphia, PA 19107**

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-02854** | **Legal Unit,** **Legal Technician** | **(267) 589-9707** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Dana R. Hutter*

**Dana R. Hutter,**
**Deputy Director**

08/04/2021
*(Date Issued)*

Enclosures(s)

cc:
**Peggah B. Wilson**
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
**12500 Fair Lakes Circle**
**Suite 300**
**Fairfax, VA 22030**

**Marc A. Weinberg, Esq.**
**SAFFEN & WEINBERG**
**815 Greenwood Ave**
**Jenkintown, PA 19046**

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Timothy Johnson** | From: | **Philadelphia District Office** |
|---|---|---|---|
| | **1116 West Airy Street** | | **801 Market Street** |
| | **Norristown, PA 19401** | | **Suite 1000** |
| | | | **Philadelphia, PA 19107** |

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| | **Legal Unit,** | | |
| **530-2020-02070** | **Legal Technician** | | **(267) 589-9707** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Dana R. Hutter*                                          08/04/2021

| Enclosures(s) | **Dana R. Hutter,** | *(Date Issued)* |
|---|---|---|
| | **Deputy Director** | |

cc:

| **Peggah B. Wilson** | **Marc A. Weinberg, Esq.** |
|---|---|
| **CONSTANGY BROOKS, SMITH & PROPHETE, LLP** | **SAFFREN & WEINBERG** |
| **12500 Fair Lakes Circle** | **815 Greenwood Avenue Suite 22** |
| **Suite 300** | **Jenkintown, PA 19046** |
| **Fairfax, VA 22033** | |